**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KARI A. GROHL, | ) | CASE NO. 5:25-cv-279 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Kari A. Grohl ("Grohl" or "plaintiff") appeals from the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Doc. No. 1 (Complaint).) The matter was referred to Magistrate Judge Amanda M. Knapp for the preparation of a Report and Recommendation ("R&R"). The R&R recommends that the Court affirm the Commissioner's decision. (Doc. No. 11.) Plaintiff has filed an objection to the R&R (Doc. No. 12), and the Commissioner has filed a response. (Doc. No. 13.) Upon *de novo* review and for the reasons set forth below, the Court overrules the objection, accepts the R&R, and dismisses the case.

### I.      BACKGROUND

Grohl filed her original application on February 4, 2021, alleging disability beginning April 30, 2016. (*See* Doc. No. 6 (Administrative Transcript), at 32–48[1] (First Administrative Decision).) The application was denied initially and upon reconsideration. (*Id.* at 32.) Following an administrative hearing, the Administrative Law Judge ("ALJ") issued a decision, dated November 22, 2022, denying Grohl's application. (*Id.* at 32–48.) Grohl sought judicial review of the ALJ's decision, and thereafter the parties jointly sought remand for further proceedings. (*See* Doc. No. 11, at 2–3.) Following remand and a hearing before the ALJ, at which Grohl was represented by counsel, the ALJ issued a decision, dated December 6, 2024. (Doc. No. 6, at 792–811 (Second Administrative Decision).).

In this second decision, the ALJ found that plaintiff had severe impairments of "obesity, fibromyalgia, degenerative disc disease of cervical spine, hypertension, obstructive sleep apnea, osteoarthritis of the right knee, status-post patellar replacement, osteoarthritis of the right shoulder, status-post arthroscopic repair, depressive disorder, and post-traumatic stress disorder[.]" (*Id.* at 795.) But the ALJ also determined that these impairments did not meet or equal any listed impairment and that Grohl retained the residual functional capacity ("RFC") to perform a range of sedentary work with certain specific limitations. (*Id.* at 797–809.) While the ALJ found that Grohl had no relevant past work (*see id.* at 809), he determined that there were "jobs that exist in significant numbers in the national economy"—such as document preparer—that Grohl could perform (*id.* at 810–11). Accordingly, the ALJ concluded that Grohl was not disabled. (*Id.* at 811.)

---

[1] For convenience, citations to the administrative transcript (Doc. No. 6) use the Bates numbers in the transcript; all other page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Grohl timely filed the instant action, seeking judicial review. Grohl, represented by counsel, filed a brief on the merits (Doc. No. 7), the Commissioner filed a response brief on the merits (Doc. No. 9), and Grohl filed a reply. (Doc. No. 10.) On January 21, 2026, the magistrate judge issued her R&R, recommending that the Commissioner's decision be affirmed because it applied the appropriate legal standards and was supported by substantial evidence. (*See generally* Doc. No. 11.).

## II.     DISCUSSION

### A.  Standard of Review

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v.*

*Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55 (citing *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604–05 (6th Cir. 2009)). This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." (further citations omitted)).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make

sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

### B.  Plaintiff's Objection and Analysis

Plaintiff raises a solitary objection to the R&R relating to the ALJ's failure to take into consideration her need for a cane or a walker. (Doc. No. 12, at 2–3.) This objection is substantially similar to the arguments advanced in her opening merits brief and in her reply. (*Compare* Doc. No. 7, at 17–18; Doc. No. 10, at 2 *with* Doc. No. 12, at 2–3.) Even though plaintiff includes phrases like "the R&R incorrectly found" (*see* Doc. No. 12, at 2), she has simply repackaged her original arguments from her opening merits brief and reply that the ALJ erroneously failed to include the use of a cane or walker in the RFC. It is well settled that a general objection, or one that merely restates the arguments previously presented, does not sufficiently invoke the Court's obligation of *de novo* review. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). Nevertheless, to the extent that she has advanced a specific objection, in an abundance of caution, the Court shall address plaintiff's objection.[2]

Grohl takes issue with the determination in the R&R that substantial evidence supported the ALJ's decision not to include the use of a cane or walker in the RFC. (Doc. No. 12, at 2–3; *see* Doc. No. 11, at 35–38.) In particular, she maintains that the magistrate judge erred in concluding that "there was no clear statement as to the circumstances for which [an assistive] device was

---

[2] Erroneously assuming that the R&R was filed on January 20, 2026, the Commissioner argues that Grohl's objection is untimely, suggesting that it was filed one day beyond the 14-day period for filing objections under Fed. R. Civ. P. 72(b)(2). (Doc. No. 13, at 1 n.1.) (*See id*.) But it is clear from the record that the R&R was dated and filed on the docket on January 21, 2026. (Doc. No. 11, at 38.) Grohl's objection was timely filed on February 4, 2026—14 days thereafter. (*See* Doc. No. 12.)

needed." (Doc. No. 12, at 2.) She suggests that "[t]his is incorrect as Dr. Mahdi clearly articulated that [p]laintiff needed a cane and rollator (walker with a seat) to help with [p]laintiff's activities of daily living, shopping, improve quality of life, and fall prevention[.]" (*Id*. (quoting Doc. No. 6, at 1243).) Because she believes that the ALJ failed to properly credit Dr. Madhi's statements, she disagrees with the magistrate judge's conclusion that the ALJ properly excluded the use of a cane or walker from the RFC. (*Id*.)

Grohl does not dispute that the R&R correctly identified Social Security Ruling ("SSR") 96-9p as the governing regulation. (*See* Doc. No. 11, at 35.) That regulation, which addresses the use of hand-held assistive devices for individuals (like Grohl) with an RFC for less than a full range of sedentary work, provides, in part, as follows:

> **Medically required hand-held assistive device:** To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

SSR 96-9p, 1996 WL 374185, at *7 (S.S.A. July 2, 1996). "If a cane [or walker] is not medically necessary, it cannot be considered a restriction or limitation on the plaintiff's ability to work, *Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002), and the administrative law judge is not required to reduce the claimant's RFC accordingly." *Lowe v. Comm'r of Soc. Sec.*, No. 2:15-cv-2837, 2016 WL 3397428, at *6 (S.D. Ohio June 21, 2016) (citing *Casey v. Sec'y of Health Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). The Seventh Circuit has observed that a finding of medical necessity must rest on documentation setting forth the need for the device and "describing the circumstances for which [the assistance device] is needed." *See Tripp v. Astrue*, 489 F. App'x 951, 955 (7th Cir. 2012) (citing with favor to decisions from the Third and Tenth Circuits requiring

6

"an unambiguous opinion from a physician stating the circumstances in which an assistive device is medically necessary" (citations omitted)).

The R&R highlighted several pieces of medical evidence from the record relating to Grohl's need or use of a cane or walker. Only its interpretation of one medical document, however, is at issue in the present objection: namely, a May 18, 2023 note prepared after Grohl's visit with her primary care physician, Dr. Alaa Mahdi, in which her physician wrote: "Mobility and gait problems unsteady"; "Recommend a cane"; "Walker with a seat to help with activity of daily living and shopping and improve quality of life. And fall prevention"; "Had 2 falls in the last 3 months"; "Also need shower chair to help showering safely." (Doc. No. 11, at 37 (citing Doc. No. 6, at 1243 (cleaned up)).)[3] The magistrate judge found that while these notations "suggest some uses and benefits that Dr. Mahdi may have anticipated when prescribing the walker, it is not a clear statement of 'the circumstances for which [the device] is *needed* (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).'" (*Id.* (quoting SSR 96-9p) (emphasis supplied by magistrate judge).) Accordingly, the R&R concluded that "the ALJ's adoption of an RFC that did not require the use of an assistive device was supported by substantial evidence." (*Id.* at 38.)

Grohl insists that this was wrong because Dr. Mahdi's reference to "activity of daily living" "implies that [the hand-held assistive device] was to be used on a daily basis to assist with her

---

[3] The magistrate judge also identified a May 2007 prescription from Dr. Mahdi for "Cane, Adjustable" and "Walker Rollator Seat with 6" Wheels – Red"; a September 22, 2023 treatment note by Dr. Mahdi stating "Gait abnormal (uses walker)"; and an October 7, 2023 radiology note indicating Grohl is a "High Risk for Falls" as potentially relevant. (*Id.* (quoting Doc. No. 6, at 1222, 1229, 1244 (cleaned up)).) The R&R discounted the significance of these other documents, citing cases that provide that neither prescriptions without explanation, nor mere observations by medical providers documenting a claimant's actual use of a hand-held assistive device, are sufficient to satisfy SSR 96-9p. (*Id.* at 36 (collecting cases).) Grohl does not object to the R&R's failure to treat these other pieces of medical evidence as sufficient under SSR 96-9p.

activities of daily living and to prevent falls." (Doc. No. 12, at 2.) According to the Commissioner, however, even if Dr. Mahdi's notations can be read to imply that the cane should be used on a daily basis, it does not establish that the assistive device "was medically necessary, because it did not indicate whether [p]laintiff needed it for both standing and walking and whether she needed it all the time or in only certain circumstances." (Doc. No. 13, at 3 (citing SSR 96-9p).)

The Commissioner has a point. Similar statements regarding possible benefits from the use of canes or walkers have been determined to be insufficient to satisfy SSR 96-9p. *See, e.g., Duty v. Comm'r of Soc. Sec. Admin.*, No. 5:20-cv-2647, 2022 WL 1462008, at *16 (N.D. Ohio Mar. 21, 2022) (finding physician's observation that the claimant "benefit[s] from use of his cane due to his right hip pain" failed to meet the requirements of SSR 96-9p (citation omitted)), *report and recommendation adopted, as modified, by Duty v. Comm'r of Soc. Sec.*, 2022 WL 1152783 (N.D. Ohio April 19, 2022).

For example, in *Thacker v. Commissioner of Social Security*, the court found that an occupational therapist's observation that the claimant "would . . . benefit from the use of a [walker] for increased stability and endurance during functional tasks[,]"—even when considered in combination with a prescription by a nurse practitioner for a rolling walker with a seat—did not qualify as medical documentation establishing the need for the assistive device under SSR 96-9p. No. 3:21-cv-1617, 2022 WL 3369533 (N.D. Ohio Aug. 16, 2022). While the claimant suggested that a need to use the walker at all times could be read into the therapist's remarks, the court recognized that SSR 96-9p requires more specificity from the statement itself. "'SSR 96-9p requires that medical documentation provide further information about the extent and nature of a claimant's need for a cane, such as how often the prescribing physician feels a claimant needs to

use it and/or under what particular circumstances it is required.'" *Id*. at *3 (quoting *Wright v. Saul*, No. 1:18-cv-1724, 2019 WL 3729264, at *3 (N.D. Ohio 2019)).

Moreover, the court in *Thacker* reasoned that "[r]equiring such specificity makes sense in the context of the purpose of the regulation:

> The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

*Id.* (quoting SSR 96-9p, 1996 WL 374185, at *7). Although the claimant offered a very specific meaning for the therapist's general observations, the court found that her interpretation did not explain what the therapist meant by "functional activities" or what sort of terrain the therapist believed would require the use of a walker. *Id*. The statement was, therefore, insufficient to require the ALJ to incorporate the use of a walker in the RFC. *Id*.

The court finds the analysis in *Thacker* persuasive. Dr. Mahdi's observations regarding possible benefits from the use of a cane or walker do not explain the circumstances under which she believed a hand-held assistive device was medically necessary. In addition to failing to define the phrase "activity of daily living[,]" Dr. Mahdi's statements do not specify whether a cane or walker must be used at all times or only after extended ambulation, or whether all terrains or only certain terrains require use of the device. Without this specific information, the ALJ could not determine whether Grohl's ability to perform sedentary work would be negatively impacted by the need for a cane or walker. In the absence of an "unambiguous opinion . . . stating the circumstances in which an assistive device is medically necessary[,]" *see Tripp*, 489 F. App'x at 955 (citations omitted), the Court finds that the ALJ did not err in failing to include the use of a cane or walker in the RFC. *See Peters v. Comm'r of Soc. Sec. Admin.*, No. 1:24-cv-26, 2024 WL 4945007, at *9–

9

10 (N.D. Ohio Dec. 3, 2024) (notes by medical provider describing the walker as "needed for personal use" and prescribed because of "Balance [P]roblem, Multiple Sclerosis, [and] Paresthesia of bilateral legs" were insufficient to demonstrate medical need under SSR 96-9p), *report and recommendation adopted by Peters v. Comm'r of Soc. Sec.*, 2025 WL 885682 (N.D. Ohio Mar. 21, 2025).

## III.    CONCLUSION

For the reasons discussed above, plaintiff's objection to the R&R is overruled. The R&R is accepted. Because the Commissioner's decision to deny DIB and SSI is supported by substantial evidence, the decision is affirmed and this case is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: March 6, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**